# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN RISENHOOVER, | Case No. 1:18-cv-00486-EPG-HC |
| Petitioner, | ORDER FOR SUPPLEMENTAL BRIEFING ON EQUITABLE TOLLING |
| v. | |
| WARDEN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 11, 2018, Respondent filed a motion to dismiss the petition, arguing that the petition was filed outside the one-year limitation period and is unexhausted. (ECF No. 14). In the opposition to the motion to dismiss, Petitioner asserts that his mental condition prevented him from timely filing a petition. (ECF No. 18).

The statutory limitations period is subject to equitable tolling if a petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner bears the "heavy burden" of showing that he is entitled to equitable tolling. Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam). The Ninth Circuit has recognized that a petitioner's

mental condition may constitute an extraordinary circumstance justifying equitable tolling "when a petitioner can show a mental impairment so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition." Bills v. Clark, 628 F.3d 1092, 1093 (9th Cir. 2010). Given the fact-intensive nature of equitable tolling claims, Sossa v. Diaz, 729 F.3d 1225, 1229–30 (9th Cir. 2013), further development of the record is warranted to address this issue.

Accordingly, the Court HEREBY ORDERS:

1. Within thirty (30) days of the date of service of this order, Petitioner shall submit a supplemental brief, along with supporting evidence, addressing: (a) how Petitioner had been pursuing his rights diligently, and (b) that his mental impairment was so severe that he was unable personally either to understand the need to timely file or prepare a habeas petition.

2. Within thirty (30) days of the date of service of Petitioner's supplemental brief, Respondent shall file a response, along with any evidence in support of Respondent's arguments.

IT IS SO ORDERED.

Dated:  __July 5, 2018__          ___/s/ Erica P. Grosjean___
                                  UNITED STATES MAGISTRATE JUDGE